FILED

2005 Dec-12  PM 02:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| STATE AUTO INSURANCE COMPANY, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Case No. 03-CV-1300-VEH |
| | ) | |
| ATLANTIC MUTUAL INSURANCE COMPANY, et al. | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER ON ATLANTIC MUTUAL INSURANCE COMPANY MOTION TO ALTER OR AMEND JULY 28, 2005 MEMORANDUM OPINION

Defendant Atlantic Mutual Insurance Company ("Atlantic") has filed a Motion to Alter or Amend the July 28, 2005 Memorandum of Opinion ("the Motion", "the Opinion"). (Docs. 131, 130)  Plaintiff State Farm Auto Insurance Company ("State Farm") has filed an Objection.  (Doc. 132).

Atlantic seeks modification of the Opinion to say that Atlantic did not breach its duty to defend Bradley Pulverizer Company ("Bradley") either because the initial Bradley submissions showed the claim(s) arose prior to Atlantic's policy coverage or because Atlantic did not deny Bradley's claim until after it had received Bradley's July 10, 2002 Draft Mediation Statement.  Neither argument is well taken.

Atlantic did not cite the authority under which it sought relief, and the court will analyze the motion under all appropriate grounds. The question presented is whether Atlantic has made the requisite showing under F.R.Civ.P. 59(e)[1], or pursuant to a motion for reconsideration. After discussion of the standards governing such relief, the court concludes that Atlantic's Motion is unsupported and due to be denied.

## I. BACKGROUND

This is an insurance coverage dispute. The relevant facts and history are set out in the Order and will not be repeated.

## II. STANDARD OF REVIEW

A district court has plenary power over an interlocutory order and the power to reconsider, revise, alter, or amend it. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (citations and internal quotations omitted). The standards for the grant or denial of relief in a motion to reconsider or in a Rule 59(e) motion to alter or amend are similar, but there are some differences, and each is set out.

### Rule 59(e)

"The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir.

---

[1] The motion was filed ten (10) days after entry of the Order because the period ran on a Saturday. F.R.Civ.P 6(a).

2

1998).

> Finally Linet appeals the district court's denial of his motion to amend
> or alter the final judgment under Federal Rule of Civil Procedure 59(e).
> Linet's motion to the district court urged it to reconsider its ruling
> because Linet disagreed with the district court's treatment of certain
> facts and its legal conclusions. His motion was essentially a motion to
> reconsider the district court's prior summary judgment order. Linet
> however cannot use a Rule 59(e) motion to relitigate old matters, raise
> argument or present evidence that could have been raised prior to the
> entry of judgment. *See Stone v. Wall*, 135 F.3d 1438, 1442 (11th
> Cir.1998); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,
> *Federal Practice and Procedure* § 2810.1 (2d ed.1995).

*Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. *Futures Trading Comm'n v. American Commodities Group,* 753 F.2d 862, 866 (11th Cir.1984); *McCarthy v. Mason*, 714 F.2d 234, 237 (2d Cir.1983); *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir.1980)."[2]  *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*,763 F.2d 1237, 1238 - 39 (11th Cir. 1985).

In addition to the above, there is also district court authority that Rule 59(e) motions may be granted: (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct

---

[2]  In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209

a clear error or prevent manifest injustice.  *Cover v. Wal-Mart Stores Inc.*, 148 F.R.D.

294 (M.D. Fla. 1993).[3]

"In practice, because of the narrow purposes for which they are intended, Rule

59(e) motions typically are denied."  Wright, Miller & Kane, *op. cit.*, § 2810.1 at 128.

<u>Motion To Reconsider</u>

In the interests of finality and conservation of scarce judicial resources,

reconsideration of an order is an extraordinary remedy and is employed sparingly.

*See United States v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D. Fla. 2003);

*Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992);

*Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2004) ("litigants should

not use motions to reconsider as a knee-jerk reaction to an adverse ruling").  Indeed,

as a general rule, "[a] motion to reconsider is only available when a party presents the

court with evidence of an intervening change in controlling law, the availability of

new evidence, or the need to correct clear error or manifest injustice."  *Summit

Medical Center of Alabama, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D.Ala.

2003).  It is well established in this circuit that "[a]dditional facts and arguments that

should have been raised in the first instance are not appropriate grounds for a motion

for reconsideration."  *Rossi v. Troy State University*, 330 F.Supp.2d 1240, 1249 (M.D.

---

[3]  District court decisions, even from this District, are not controlling authority.

Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[4]  Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F.Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F.Supp.2d 1378, 1379-81 (M.D. Ga. 2001) (similar).[5]  *See also Richards v. United States*, 67 F.Supp.2d 1321, 1322 (M.D.Ala. 1999) (same).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact.  *See* Fed.R.Civ.P.60(b); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); *Summit Medical Center of Alabama, Inc. v.*

---

[4]  Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected.  *See Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

[5]  This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc*., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005).

*Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.").   The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

## III.  ANALYSIS

In its Motion, Atlantic continues to maintain, as it did earlier, that Atlantic did not breach its duty to defend Bradley either because the initial Bradley submissions showed the claim(s) arose prior to Atlantic's policy coverage, or because it did not issue a (formal) denial of Bradley's claim until after Atlantic was in receipt of information showing the underlying (Progressive) claim was excluded from the policy.  These arguments are discussed in the Opinion and found wanting: Atlantic had a duty to defend Bradley from the time the claim was first made until it received Bradley's July 10, 2002 Draft Mediation Statement.[6]  Atlantic certainly had a duty to defend Bradley as to the allegations of the First and Second Amended Complaints. To hold otherwise would be in clear contradiction of applicable Pennsylvania law,

---

[6]  In its Opinion, the court said that "Atlantic concedes that it did not receive this ("First Publication" information until June 24, 2004".  (Citations omitted).  The exact date of receipt, while very relevant on the issue of damages, does not matter here.

which does not permit an insurer to idly stand by until information is received that excludes coverage. The applicable Pennsylvania law is discussed in detail in the Opinion, and will not be repeated here.

Atlantic has failed to make the required showing for relief pursuant to a motion to reconsider or pursuant to a Rule 59(e) motion to alter or amend. For these reasons, Atlantic's Motion will be, and is, **DENIED**.

**DONE** and **ORDERED** on December 12, 2005 .

**VIRGINIA EMERSON HOPKINS**
United States District Judge